Dear Messrs. Wooderson and Meche:
Your requests for our reconsideration of Opinion No. 92-594 have been assigned to the undersigned for research and reply.
Please be advised that this office re-affirms Opinion No. 92-594. It remains the opinion of this office that the Town of Youngsville is entitled to receive from the Lafayette Parish School Board a monthly printout of the taxes paid by Youngsville business as a result of taxes levied by the Town of Youngsville.
The tax information collected by the School Board is only in the hands of the School Board pursuant to a contract between it and the Town. In our opinion the Town, as principal and contractor, is the owner of, and is, therefore, entitled to the information collected on its behalf. It is only by virtue of the contractual relationship between the School Board and the Town that the School Board has this data at all.
For your convenience and information, I am enclosing a copy of Opinion No. 93-173, recently released by this office, which reaches a conclusion similar to that reached in Opinion No. 92-594. As expressed in Opinion No. 93-173, we are aware of the criminal provisions contained in LSA-R.S. 47:1508.1 relative to unauthorized disclosure, and, therefore, understand the hesitancy of tax collecting entities to disclose tax information. As such, and notwithstanding our opinion in this regard, we suggest that the Lafayette Parish School Board seek legislative clarification of LSA-R.S. 47:1508. The School Board may also wish to file a Petition for Declaratory Judgment, as suggested by Mr. Wooderson in his letter to you dated November 4, 1992.
Trusting this adequately responds to your request, I am,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JEANNE-MARIE ZERINGUE Assistant Attorney General
RPI:JMZ:jav/0332n